## Paine, Appellant, *v.* Berg.

*Practice, C. P.—Affidavit of defense—Master and servant—Salary—Corporation.*

In an action against an individual to recover a salary an affidavit of defense is insufficient which merely alleges that the plaintiff was engaged by the defendant as an officer of a corporation named, and that his claim, if he had any, was against the corporation and not against the defendant. In such a case the affidavit is defective in not alleging that the defendant made known his agency at the time that the contract was made, or that the plaintiff had knowledge of the fact from some other source.

Argued Oct. 15, 1903.    Appeal, No. 100, July T., 1903, by

plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1903, No. 2853, making absolute rule for judgment, for want of a sufficient affidavit of defense, in case of George H. Paine v. William H. Berg. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for salary and expenses as salesman.

Defendant filed the following affidavit of defense:

I am not indebted to the plaintiff in any sum of money whatever. It is true that the plaintiff was engaged by me as a salesman on or about December 8, 1902. He was so engaged by me as an officer of the Chemical Specialty Company, a corporation organized under the laws of the state of New York. The plaintiff's claim, if he has any claim, is against the said corporation and not against the defendant in this suit.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas Diehl*, for appellant.

*Henry Birck*, for appellee.

PER CURIAM, November 16, 1903:

The plaintiff alleges that he was employed by the defendant as a salesman. The affidavit of defense admits the contract of employment, but alleges that the plaintiff was engaged by the defendant " as an officer of the Chemical Specialty Company." This is an equivocal expression which in the connection in which it appears may be accepted as verity so far as it relates to the undisclosed intention of the defendant, without necessarily implying the same intention on the part of the plaintiff or knowledge on his part that the defendant was so acting. The case of Seyfert v. Lowe, 36 Legal Intelligencer, 345, relied on by the appellant's counsel, was admitted by the Supreme Court to be close to the border line, but it is plainly distinguishable from the case at bar in that there was enough on the face of the paper sued on in that case, coupled with other facts alluded to in the opinion, to clearly warrant the

inference drawn by the court, that the plaintiff "must have known that the indorsement of the note by the president was the indorsement of the company." No such inference can be drawn with any degree of certainty from the averments of the affidavit in the present case. It is plainly defective in not alleging that the defendant made known his agency at the time that the contract was made, or that the plaintiff had knowledge of the fact from some other source. See 1 P. & L. Digest of Decisions, 283.

Judgment affirmed.