# S. Morgan Smith Company *v.* Monroe County Water Power & Supply Company, Appellant.

*Affidavit of defense—Practice, C. P.—Contract—Written contract—Parol agreement.*

In an action on a promissory note given in part payment for machinery sold under a written contract, an affidavit of defense is insufficient to prevent judgment, which sets up a parol representation or warranty by plaintiff's agent, in contradiction of the express warranty contained

in the contract, without any allegation that the representation or warranty was omitted from the contract by fraud, accident or mistake.

Argued March 9, 1908.    Appeal, No. 254, Jan. T., 1907, by defendant, from order of C. P. Monroe Co., Feb. T., 1907, No. 13, making absolute rule for judgment for want of a sufficient affidavit of defense in case of S. Morgan Smith Company v. Monroe County Water Power & Supply Company.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

STAPLES, P. J., filed the following opinion :

Opinion and judgment of the court making absolute rule to show cause why judgment should not be entered in the above case for want of a sufficient affidavit of defense.

The plaintiff's action was based on a written agreement, or contract, between the parties, wherein the said plaintiff agreed to sell to the said defendant certain machinery, inter alia, two "C" compensating Woodward wheel governors, and for which the defendant agreed to pay the said plaintiff a certain sum of money.    In accordance with the said agreement or contract, the said defendant executed and delivered to the said plaintiff a certain promissory note in the sum of $3,425, upon which it made certain payments, reducing the same to the sum of $1,605.72, which it refused to pay, and for which the above action was brought.

The defendant filed an affidavit of defense, which was substantially to the effect that prior to the execution of the said agreement plaintiff's agent, knowing the purpose for which the defendant desired to use the said governors, represented that the said governors would control the machinery plant of the defendant to a regulation of two per cent, and that he, the said agent, then and there guaranteed the same, whereupon, upon that representation, the defendant signed the contract.    It further alleged that the said governors had not controlled the plant as represented by the said agent, and as guaranteed by him, and, although an engineer of the manufactur-

ers of the said governors had adjusted the same, the said governors had never controlled the said machinery plant, and the said plaintiff had been informed by competent engineers that the said governors are not intended for the class of work for which the defendant desired to use them, and that it had notified the said plaintiff that the said governors were not as represented, had not been, and would not, be accepted, and were held only subject to the order of the plaintiff as to their disposal.

The said affidavit further alleged that the said defendant was informed and believed that governors, which would properly control their machinery plant, would cost at least $1,700.50, or more than the balance due on said note.

The contract or agreement between the parties, inter alia, contained the following : " The party of the first part agrees to sell to the party of the second part the following machinery, to wit : All that machinery described in proposal on preceding pages, all to be in accordance with the specifications and guarantees set forth in the proposal of the party of the first part hereunto annexed."

Also, " The foregoing is the agreement between the said parties as it exists at this date, and it is agreed and distinctly understood that all previous communications between the said parties, either verbal or written, contrary to the provisions hereof are hereby withdrawn and annulled ; and that no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing, duly accepted by the purchaser and approved by an executive officer of the S. Morgan Smith Company."

Also, " All material and workmanship to be first class in every particular, and we agree to replace, free on board cars, York, Pa., any parts which fail or become broken, due to poor material or workmanship within one year from the completion of the erection of the plant."

There is no allegation in the affidavit of defense that any of the material and workmanship was not first class in every particular, nor that any parts failed or become broken due to poor material or workmanship, and were not replaced as stipulated for in said agreement. But it was simply alleged in the said affidavit of defense that the two " C " compen-

sating Woodward water wheel governors were not intended, or could not, do the kind of work demanded by the plant of the defendant company, and under the guarantee of the agent of the said plaintiff, it was not obliged to pay for them.

To sustain this contention of the defendant would require a modification of the contract by making the alleged guarantee a part thereof. The plaintiff in the said contract agreed to furnish to the said defendant the said particular " C " compensating Woodward water wheel governors, and the defendant seeks to have inserted into the said contract a prior parol agreement and guarantee as to the kind of work they would do, although the contract specifically provides that " all previous communications between the said parties, either verbal or written, contrary to the provisions hereof, are hereby withdrawn and annulled."

The alleged representations and guarantee made by the agent of the plaintiff were made prior to the execution of the contract, and the alleged guarantee was contrary to its provisions. All the machinery, including the governors, was sold "in accordance with the specifications and guarantees set forth in the proposal of the party of the first part, thereto annexed." There was no such guarantee in the specifications as that alleged to have been made by the agent, nor does the defendant in its affidavit of defense claim that the machinery was not in accordance with the said specifications, but it seeks to insert in the said contract an agreement which would modify the same, and practically make the terms of payment depending upon a trial of the said governors, as to whether or not they would work satisfactorily, and, as the agent, it is alleged, represented they would work.

It is a rule too firmly rooted in justice and honesty to be easily eradicated from any system of wise laws, that all negotiations, all conversations, all oral promises, all verbal agreements are forever merged in, superseded and extinguished by the sealed instrument, which is the final outcome and result of the bargaining of the parties : Wodock v. Robinson, 148 Pa. 503.

Unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms

can neither be added to or subtracted from by parol evidence: Wodock v. Robinson, 148 Pa. 503.

When parties without fraud or mistake have put their agreements in writing, that is not only the best, but the sole evidence of their agreement : Union Storage Co. v. Speck, 194 Pa. 126.

Without citing any further authorities, it is sufficient to say that the principle, thus enunciated, has been commented upon, and considered and affirmed so often, that it should leave no doubt as to its application ; and the only question for our consideration, is, whether or not the said alleged misrepresentation and guarantee were omitted from the contract by fraud, accident or mistake, and, all the more is this the case, when attention is called to the stipulations in the contract as to the annulment and canceling of all prior communications, etc.

Mere representation is not necessarily fraud, nor the mere omission to insert in a written contract an alleged guarantee. In order for the contention of the defendant in this case to prevail, there must be contained in the affidavit of defense a statement of fact, or of circumstances, from which a conclusion can be drawn that the agent of the plaintiff was guilty of some fraud, whereby the said guarantee was not included or inserted in the said contract. In the absence of such a state of facts, it does not appear clear to us how the said contract could be either varied, contradicted or modified.

There is no allegation in the affidavit of defense that the said guarantee was omitted from the contract by reason of any fraud, accident or mistake. At the best, if said alleged guarantee were made, it was a mere contemporaneous agreement by the agent as to what the " C " governors would do. There is not even an allegation that the agent knew differently. There is nothing contained in the affidavit of defense to the effect that the said agent said anything whereby the defendant was induced to permit the omission of the said alleged guarantee from the contract, and in the light of the stipulations in the agreement itself as to prior communications, there being no allegation of fraud accounting for the omission of the said alleged guarantee, the affidavit of defense does not set forth such fraud, accident or mistake, with regard to the contract, as would authorize the court in permitting a modifica-

tion of the same as contended by the defendant, or that would be sufficient to prevent a recovery by the plaintiff.

To contradict or vary the terms of a written contract by a parol contemporaneous agreement between the parties, there must be allegation, as well as proof, not only of it, but of its omission through fraud, accident or mistake, from the writing: Krueger v. Nicola, 205 Pa. 38.

Where, in an action to recover damages for the breach of a written contract for the exchange of land, the plaintiff, in order to meet the averments of the affidavit of defense, sets up an oral agreement made prior to the execution of the written agreement, but neither in his statement of claim, nor in his replication, avers that the oral agreement was omitted from the written agreement by fraud, accident or mistake, the plaintiff will not be permitted at the trial to offer evidence of the alleged oral agreement: Krueger v. Nicola, 205 Pa. 38.

But besides this, the court below placed its ruling on the ground that the offer, even if sustained, was not proof of such fraud, accident or mistake in the execution and delivery of the writing as rendered it admissible. In this the court was correct: Fuller v. Law, 207 Pa. 101.

An offer of parol evidence which does not propose to show a contemporaneous parol agreement which induced the party offering the evidence to sign such an order, but simply the declarations of an agent made when the order was signed, is not admissible: Express Publishing Co. v. Aldine Press, 126 Pa. 347.

Besides, the defendant had distinct notice before signing the order that it was subject to acceptance on its face as written, and that no one was authorized to change, modify or in any way affect the writing by verbal agreement or otherwise: Express Publishing Co. v. Aldine Press, 126 Pa. 347.

There is nothing in the affidavit of defense from which the court could draw any conclusion that there was anything done upon the part, either of the plaintiff or its agent, which induced the defendant to execute the agreement, without including in it the alleged representation and guarantee as to what the " C " governors would do.

We cannot hold that the mere representation and guarantee made by the agent of the plaintiff would be sufficient to

modify the written contract between the plaintiff and defendant in the absence of any fraud, inducing the defendant to assent to the omission of the same.

And now, June 11, 1907, for the reasons above stated, the rule to show cause why judgment should not be entered for the plaintiff in the above case for want of a sufficient affidavit of defense is made absolute.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. C. Shull*, of *Shull & Shull*, for appellant.

*A. Mitchell Palmer*, for appellee.

Per Curiam, May 4, 1908 :

The judgment is affirmed for the reasons stated in the opinion of the learned judge of the common pleas.