# Philadelphia Motor Speedway Association *v.* Paulson, Appellant.

*Contract—Written contract—Parol proof—Fraud—Corporation.*

Where a person signs an agreement to pay an amount stated for a life membership in an association, and in the agreement states, "there is no understanding or agreement between myself and the association, except as provided herein," he cannot in an action against him for a balance due on his contract allege that fraudulent misrepresentations were made to him to the effect that plaintiff was an association primarily for profit, and that he would obtain equal rights and privileges with other members, if he does not state that such misrepresentations were made by an officer or agent of the association, and does not name any one as making such representations. It is immaterial if they were made to him by a person from whom he took by assignment an option for membership and by whom he was nominated for membership.

In such a case an averment in the defendant's answer that the plaintiff's agreement was with the Philadelphia Motor Speedway Association, and that the action is by the "Philadelphia Motor Speedway Association, a corporation," is immaterial, inasmuch as the words "a corporation" are only descriptive of the character of the plaintiff and might have been omitted, and are at any rate amendable.

Argued Dec. 10, 1917. Appeal, No. 321, Oct. T., 1917, by defendant, from order of Municipal Court, Philadelphia Co., Aug. T., 1917, No. 190, making absolute rule for judgment for want of a sufficient answer in case of Philadelphia Motor Speedway Association, a corporation, v. Fred Paulson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a contract of subscription.

The contract was as follows:

"PHILADELPHIA MOTOR SPEEDWAY ASSOCIATION

"711-712 Morris Building, Philadelphia

"I hereby subscribe $250.00 to the PHILADELPHIA MOTOR SPEEDWAY ASSOCIATION, which I agree

to pay to FRAZIER AND COMPANY, DEPOSITORY, as follows: $35.00 on demand, and the balance in 9 monthly payments of 8—$25.

1—$15. each

beginning Feb. 16, 1917.

"In consideration thereof I am to receive for each $250 above subscribed one Life Membership in the said Association.    Each Membership shall guarantee two free admissions to all Speedway events for life, two free seats in the grandstand, parking privilege for one car, and the right to use the track when not in use; also Club House privileges and a pro rata share of all profits.

"The Memberships shall be nonassessable and without further dues, and may be transferred by the consent of the Association.    The Association reserves the right to accept or reject any subscription.

"Each Membership herein subscribed for shall be evidenced by a Membership Certificate which, together with this subscription, shall be deposited with FRAZIER AND COMPANY, DEPOSITORY, to be delivered to me upon the payment of the full amount as herein provided.

"There is no understanding or agreement between myself and the Association except as provided herein.

"Witness:              Name    Fred Paulson
          1917   1/16    Address   7500 Island Road
    S. P. Zimmerman       Business  Contractor

"Make checks payable and send remittances to FRAZIER AND COMPANY, DEPOSITORY, Broad and Sansom streets, Philadelphia.

(BACK)

"I hereby assign one of the options standing in my name to Mr. Fred Paulson who I am pleased to place in nomination for membership in the PHILADELPHIA MOTOR SPEEDWAY ASSOCIATION.

Signed Geo. Kyle."

340 PHILA. MOTOR S. ASSN. *v.* PAULSON, Appellant.

Assignment of Error—Opinion of the Court. [69 Pa. Superior Ct.

The averments of the answer are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient answer.

*Frysinger Evans,* with him *Samuel K. Louchheim,* for appellant, cited: Marles, Etc., Co. v. Stulb, 215 Pa. 91; Custar v. Titusville G. & W. Co., 63 Pa. 381; Crossman v. Penrose Ferry Bridge Co., 26 Pa. 69.

*Irwin L. Sessler,* for appellee, cited: Ridgeway Dynamo & Engine Co. v. Penna. Cement Co., 221 Pa. 160; Smith Co. v. Monroe County Water Power & Supply Co., 221 Pa. 165; Philadelphia, Etc., Steamship Co. v. Pechin, 61 Pa. Superior Ct. 401; Tranter Manufacturing Co. v. Blaney, 61 Pa. Superior Ct. 379.

OPINION BY HENDERSON, J., March 2, 1918:

The defendant signed the agreement to pay $250 for a life membership in the Philadelphia Motor Speedway Association as set forth in the statement of claim. It contains the following provision: "There is no understanding or agreement between myself and the association except as provided herein." He now defends against the payment of the balance due on his contract on the ground that there was fraud or misrepresentation in two respects: (a) that plaintiff was an association primarily for profit; (b) that defendant would obtain equal rights and privileges with other members. It may be said generally that there is no allegation in the answer of a representation made by any officer or agent of the plaintiff with respect to the character of the association or the rights or privileges to be acquired by a person becoming a member thereof. It is not asserted that any one alleged that the plaintiff was an association "primarily for profit" nor that the defendant would obtain equal rights and privileges with other members. The

defendant took an assignment of an option held by one Kyle for a membership in the association and was nominated by Kyle for membership therein.   It goes without saying that if the latter made any statements to the defendant with respect to the character of the association or rights or privileges therein the plaintiff is not bound by such statement.   The contract on which the action is based was directly between the defendant and the plaintiff.   It was in writing and the defendant is presumed to have understood its terms.   If it be intended to alter or avoid the contract on account of a contemporaneous agreement the answer should have asserted why this agreement was omitted from the contract and this was not done.   Besides, the contract expressly declares that the writing signed by the defendant contains the only understanding and agreement between him and the plaintiff.   The case is, therefore, clearly within the ruling in Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379.

The averment that the plaintiff's agreement was with the "Philadelphia Motor Speedway Association," and that the action is by the "Philadelphia Motor Speedway Association, a Corporation," is without weight.   The words, "A corporation" are only descriptive of the character of the plaintiff and might have been omitted.   The defendant does not allege that the plaintiff is not the association with which he contracted.   The title is amendable and may be considered amended.   He does say in an argumentative way that "it is not incorporated for profit or registered at Harrisburg in the auditor general's department in accordance with the laws and regulations in such cases made and provided."   What was intended to be implied in this is not clear but the statement is so vague as to be valueless as an averment.   Of like inconsequence is the allegation that "there has not been and is not now such a corporation as the plaintiff in existence that could lawfully and without fraud make a distribution of 'pro rata share of all profits' as promised in said application and agreement and the defend-

ant further alleges that Philadelphia Motor Speedway Association has not been incorporated under the laws of Pennsylvania or elsewhere allowing the distribution of 'pro rata share or profits' and therefore denies the existence of any such corporation." The respect in which it was not so incorporated as to permit it to distribute profits is not suggested and if, as alleged by the defendant the association is not a corporation it is of no importance. The answer is evasive, vague and wholly insufficient. The court below very properly, therefore, entered judgment in favor of the plaintiff.

Judgment affirmed.