## Philadelphia Motor Speedway Assn. *v.* Murphy, Appellant.

*Corporations—Contracts—Stock subscriptions—Representations—Evidence.*

Where a person signs an agreement, to pay a specified amount, for a life-membership in an association, which contains a provision that "There is no understanding or agreement between myself and the association except as provided herein," he cannot, in an action against him for a balance due on his contract, allege that fraudulent misrepresentations were made to him, to the effect that the work on a speedway had been started, if he does not show that such misrepresentations were made by an officer or agent of the association.

An offer to prove such representations is inadmissible where there is no connection established between the person making the statements and the plaintiff corporation.

Argued Nov. 13, 1918. Appeal, No. 110, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, September Term, 1917, No. 12, on verdict for

plaintiff in case of Philadelphia Motor Speedway Association v. Frank D. Murphy. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a contract of subscription. Before CRANE, J.

At the trial counsel for defendant made the following offer:

Mr. McEnery: The defendant at this point offers to show that at the time of the execution of the written instrument the defendant by false representations, made by one Perry A. Shanor at a booster dinner held at the Hotel Bingham on the evening of April 13, 1917, was induced to execute the written instrument and agreed to pay the amount therein named upon the faith of certain representations made by the plaintiff to the defendant at that time, to wit: That the said race track or motor speedway was in actual course of construction and would be ready for occupancy in the following October; that shortly thereafter, within a period of three or four weeks, the defendant, in company with Mr. Hower, the secretary of the said association, visited the said motor speedway of the association, which was found by the said Hower after quite some difficulty himself in trying to locate it, and there was then no track in course of erection; that there was a pile of dirt, and then Hower admitted and stated that they would not be able to complete the work at the time it was stated at the said dinner.

Other facts appear in the opinion of the Superior Court.

Verdict for the plaintiff for $218.75, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's offer (1), quoting bill of exceptions, and refusal to grant a new trial.

*Michael J. McEnery,* for appellant.—The defendant was induced to subscribe for the stock through misrepresentations: Atherholt v. Hughes, 209 Pa. 156; Machin v. Prudential Trust Co., 210 Pa. 254.

*Irwin L. Sessler,* for appellee, cited: Speedway v. Paulson, 69 Pa. Superior Ct. 338; Speedway v. Sale, 69 Pa. Superior Ct. 583; Dynamo & Engine Co. v. Cement Co., 221 Pa. 160; Smith v. Power & Supply Co., 221 Pa. 165; Steamship Co. v. Pechin, 61 Pa. Superior Ct. 401.

OPINION BY HENDERSON, J., April 21, 1919:

The assignments of error relate to the action of the court in refusing an offer of proof. The offer was "to show that at the time of the execution of the written instrument the defendant by false representations made by one Perry A. Shanor at a booster dinner held at the Hotel Bingham on the evening of April 13, 1917, was induced to execute the written instrument and agreed to pay the amount therein named upon the faith of certain representations made by the plaintiff to the defendant at that time, to wit: That the said race track or motor speedway was in actual course of construction and would be ready for occupancy in the following October; that shortly thereafter, within a period of three or four weeks, the defendant, in company with Mr. Hower, the secretary of the said association, visited the said motor speedway of the association,......and there was then no track in course of erection; that there was a pile of dirt, and then Hower admitted and stated that they would not be able to complete the work at the time it was stated at the said dinner." The contract which was the cause of action was an agreement in writing signed by the defendant in which he undertook to pay two hundred and fifty dollars for one life membership in the Philadelphia Motor Speedway Association, a corporation. The contract contained among other things the following provision: "There is no understanding or agreement be-

tween myself and the Association except as provided herein." The court rejected the offer because it was not deemed competent to affect the liability of the defendant. The evidence shows that the plaintiff company was incorporated by the Court of Common Pleas of Bucks County as a corporation of the first class for the purpose of acquiring land and building thereon a track for motor races, athletic sports, aeroplane races, general sporting events, having race meets, building a clubhouse, grandstand, etc., and for the social enjoyment of its members and their friends. The membership was limited to two thousand, the expenses of the corporation to be equally distributed among its membership, admission to membership and the requirements thereof to be prescribed by the by-laws. The defendant was accepted as a member of the corporation in accordance with its rules. The offer of proof is objectionable on three grounds: First, nothing in the offer proposes to connect Perry A. Shanor with the corporation or to affect it with responsibility for statements made by him at the "Booster Dinner" or elsewhere. It would be contrary to established principles and the adjudications of the Supreme Court and of this court to make the plaintiff responsible for the declarations of a stranger to the corporation. The consideration for the defendant's subscription was the subscription of the other members of the organization and their rights are not to be affected by statements made by a person who so far as appears was a volunteer participant at a banquet. Secondly, the offer relates principally to a future event; that is, to the completion of the work on the grounds. The defense seems to have been that the speedway was not completed in accordance with the anticipated program. A part of the offer related to the extent to which the "actual course of construction" had been carried on but the language quoted covers the whole scheme of construction from the preparation of the plans to the finishing of the track and such accessories thereto as were contemplated in the club scheme.

Moreover, it may be well inferred from the reference to the "pile of dirt" in the offer of proof that something had been done in the way of physical development of the property. It is unnecessary to cite authorities to show that the promise of the completion of an undertaking of such character five or six months in the future is not evidence to sustain a charge of fraud in the execution of the contract. There was no proposal to prove that the work could not be done by that time and the declaration of Shanor if made as alleged would amount to nothing more than the expression of an opinion. It cannot be inferred from such a statement that it is a false representation merely because the plan was not carried out with the rapidity of development which was anticipated or promised. The evidence if admitted as stated in the offer would not have established fraudulent conduct on the part of the plaintiff in obtaining the contract. Thirdly, if it be contended that the representations as to the progress of the work and the time of its completion were part of the contract and that there has been a failure of consideration with respect to the agreement the plaintiff is met with the declaration in his written contract that there is no understanding or agreement between himself and the association except as provided in the writing. Nor is there any averment that the oral inducement now set up was omitted from the writing by reason of any fraud, accident or mistake. The case is, therefore clearly within the ruling in Speedway v. Paulson, 69 Pa. Superior Ct. 338; Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379; Smith v. Power & Supply Co., 221 Pa. 165. The evidence was properly rejected.

The judgment is affirmed.