# Salicone *v.* Peterson Motors Incorporated, Appellant.

*Evidence—Contracts—Written contracts—Parol evidence—Inadmissibility.*

In an action of assumpsit on a written contract, parol evidence with respect to the terms of the agreement is inadmissible, where there is nothing to show that the contract was entered into on the strength of a parol contemporaneous agreement, or to show that its execution was induced by fraud, accident or mistake.

Parol evidence is not admissible to modify a written agreement, except on the allegation of fraud, accident or mistake, and this issue should be raised in the pleadings.

Argued October 2, 1923. Appeal, No. 17, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia Co., May T., 1922, No. 1063, in favor of plaintiff, in a case tried by the court without a jury in suit of Daniel Salicone v. Peterson Motors Incorporated. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover price of automobile. Before LEWIS, J., without a jury.

154 SALICONE *v.* PETERSON MOTORS INC., Appel.

Statement of Facts—Opinion of the Court. [82 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $1,050 and judgment was entered thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence.

*Herbert L. Maris,* for appellant.—Parol evidence was admissible to show an oral contemporaneous agreement: Kerr v. McClure, 266 Pa. 103; Renshaw v. Gans, 7 Pa. 117; Greenawalt v. Kohne, 85 Pa. 369; Croyle v. Cambria Land and Improvement Co., 233 Pa. 310; Excelsior Saving Fund and Loan Assn. v. Fox, 253 Pa. 257.

*Irwin L. Sessler,* for appellee.—Parol evidence was inadmissible to show an inducement for a written contract when such evidence is inconsistent with the terms of the contract: Keller v. Cohen, 217 Pa. 522; Dynamo Engine Co. v. Cement Co., 221 Pa. 160; S. Morgan Smith Co. v. Water Power & Supply Co., 221 Pa. 165; Tranter Manufacturing Co. v. Blaney, 61 Pa. Superior Ct. 379; Phila. & Gulf Steamship Co. v. Pechin, 61 Pa. Superior Ct. 401; Phila. Motor Speedway Association v. Paulson, 69 Pa. Superior Ct. 338; Phila. Motor Speedway Association v. Murphy, 71 Pa. Superior Ct. 451.

OPINION BY HENDERSON, J., November 19, 1923:

This action is based on a contract in writing with the defendant company by the terms of which the latter sold to the plaintiff an automobile as a part consideration for which the defendant accepted another automobile at a valuation of $1,000. Defendant refused to deliver the automobile bought by the plaintiff, whereupon this action was brought to recover the price of the automobile given in exchange.

The first, second, third, fifth and sixth assignments relate to offers of parol evidence with respect to the

terms of the written agreement but in no one of them is there a proposal to show that the contract was entered into on the strength of a parol contemporaneous agreement nor to show that its execution was induced by fraud, accident or mistake. The several offers of evidence were therefore inadmissible for any relevant purpose.

In the fifth assignment the offer was to prove the declaration of the defendant's treasurer to the plaintiff as to the effect of the words "in condition as appraised" in the contract. This offer was objectionable for different reasons; among others, it does not indicate whether the proposed "remark" was made before or after the contract was signed: secondly, it gives no indication whether the matter inquired about was relevant to the issue: thirdly, if otherwise competent, it was an attempt to contradict or modify the written agreement which contained the following provision: "It is understood and agreed that no verbal or other agreement, promise or warranty, statutory or otherwise, not clearly specified in this contract will be recognized."

It is not necessary to refer to the numerous cases which hold that parol evidence is not admissible to modify a written agreement except on the allegation of fraud, accident or mistake, and this issue should be raised in the pleadings. Moreover, there is no averment or suggestion that the provision above quoted, relating to the inclusiveness and conclusiveness of the contract, was not intentionally introduced; and the case is therefore within the ruling in Smith Co. v. Supply Co., 221 Pa. 165; Manufacturing Co. v. Blaney, 61 Pa. Superior Ct. 379; and Speedway Association v. Paulson, 69 Pa. Superior Ct. 338. There was evidence that the defendants' agent examined plaintiff's car before the contract was entered into and there is no such ambiguity in the words "in condition as appraised" as made parol evidence competent on the facts as disclosed. There was sufficient uncontradicted evidence of an acceptance of

the plaintiff's car under the provisions of section 4 of the Sales Act of 1915, P. L. 543.    It follows, therefore, that the trial judge was not in error in reaching the conclusion shown in the record.

The judgment is affirmed.