Horwath et al., Appellants, *v.* Simon.

Argued October 11, 1928.

Before PORTER, HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Albert S. Longbottom,* and with him *Byron, Longbottom, Pape & O'Brien,* for appellants, cited: Gianni

v. Russell, 281 Pa. 320; Salicone v. Peterson Motors Inc., 82 Pa. Superior Ct. 153; Ridgeway Dynamo Engine Co. v. Penna. Cement Co., 221 Pa. 160; S. Morgan Smith Co. v. Water, Power & Sup. Co., 221 Pa. 165; Trantor Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379.

*Edward Davis,* of *Hirschwald, Goff and Davis,* for appellee.

OPINION BY LINN, J., January 25, 1929:

Plaintiffs' complaint that their motion for judgment for want of a sufficient affidavit of defense was refused, must be sustained. They brought assumpsit on a simple contract in writing to recover $2,000, the consideration named, for services rendered. The affidavit of defense admitted the contract and performance by plaintiffs, but in defense, averred that in accepting plaintiffs' proposal, defendant "was acting as agent for parties known to the plaintiffs" and that the agreement with plaintiffs was that defendant should not be liable to pay for the services, but that his principal, one Wilcox, would be responsible.

The paper appears to have been a proposal to render personal services to defendant; at the foot of it defendant wrote "accepted by Joseph B. Simon, June 7, 1927." It is addressed to defendant and states that plaintiffs would "prepare for you" certain information to be obtained by a survey "on the proposed hotel to be erected on the site of the Hotel Stenton;" that plaintiffs would "confer with your architects ......;" "you are to furnish us with the following data......(c) your estimate of the cost of the building......(d) your outline of the manner of financing." These quotations, containing the words 'you' and 'your,' show clearly that the service was to be performed for defendant; there is nothing in the paper indicating that any one else was interested. Certainly,

on the face of the paper, defendant is liable; to avoid responsibility he must contradict the writing and show that the agreement was different from what is written; the only question is whether his averments bring him within the law permitting him to do it. Plaintiffs contend that the averment that defendant acted for a principal not named in the paper but at the time known to them, is not sufficient to relieve him from responsibility to pay for the services admittedly rendered pursuant to the proposal accepted by him. They do not question the rule that on a proper showing an undisclosed principal may be held; they insist that mere assertion in the affidavit that defendant acted for another amounts to nothing without adequate averment that the fact of agency and release from the responsibility resulting from his signature were omitted from the writing by fraud, accident or mistake.

As the contract is complete on its face, its meaning must be determined by the court. Plaintiffs agreed to perform certain services for defendant; defendant agreed to supply certain data and to pay $2000; there is nothing in the record to show that anything was omitted; in such circumstances, oral evidence cannot be received to strike out the provisions that the service was to be rendered for the defendant at his expense, and to substitute the obligation of some one else.

The general principles have been stated as follows:

"Undoubtedly an agent who makes a contract in his own name without disclosing his agency is liable to the other party. The latter acts upon his credit and is not bound to yield up his right to hold the former personally, merely because he discloses a principal who is also liable. The principal is liable because the contract was for his benefit, and the agent is benefited by his being presumably the creditor, for there can be but one satisfaction. But it does not follow that the agent can afterwards discharge himself by putting the

creditor to his election. Being already liable by his contract, he can be discharged only by satisfaction of it, by himself or another. So the principal has no right to compel the creditor to elect his action, or to discharge either himself or his agent, but can defend his agent only by making satisfaction for him." Beymer v. Bonsall, 79 Pa. 300.

"Cases may be found, also, where it is held that the plaintiff may prove by parol that the other contracting party named in the contract was but the agent of an undisclosed principal, and in that state of the case he may have his remedy against either, at his election. Evidence to that effect will be admitted to charge the principal or to enable him to sue in his own name, but the agent who binds himself is never allowed to contradict the writing by proving that he contracted only as agent, and not as principal": Nash v. Towne, 5 Wall. 689, 704. For cases where evidence will be received (not to contradict but merely to explain the writing) see Whitney v. Wyman, 101 U. S. 392, 396; Post v. Pearson, 108 U. S. 418; Sun Printing Co. v. Moore, 183 U. S. 642; Rederi, etc. v. Drughorn, Ltd. (1918), 1 K. B. D. 394. Of course, where the contract is oral, or partly oral and partly written, evidence will be received to show that a party dealt with an agent for an undisclosed principal: Paine v. Berg, 23 Pa. Superior Ct. 577; Robinson v. Wallace, 65 Pa. Superior Ct. 54. A person contracting as agent will be personally liable, whether he is known to be agent or not, in all cases where he makes the contract in his own name or voluntarily incurs a personal responsibility either expressed or implied: Story, Agency (9th Ed.) section 269. See also Higgins v. Senior, 8 N. & W. 834; Williston, Contracts, sections 284, etc.

It is settled in this state that to prevent judgment for want of sufficient affidavit of defense in a suit on a simple contract, it is not enough to deny that defend-

ant assumed the obligation contained in his writing; to avoid the effect of his written obligation he must aver facts sufficient, if proved, to induce a chancellor to reform the instrument: Dynamo, etc. Co. v. Cement Co., 221 Pa. 160; Morgan, Smith Co. v. Water Power Co., 221 Pa. 165; Phila. Motor, etc. v. Paulson, 69 Pa. Superior Ct. 338; Cain v. Marick, 91 Pa. Superior Ct. 129, 136. Defendant has made no such averment.

Appellant relies on Hubbert v. Borden, 6 Whart. 79, but the case has no relation to this; in that case plaintiff declared, not on a written instrument, but on an oral contract (page 87); the rule against oral evidence to contradict a written contract complete in itself was therefore not involved.

The judgment is reversed and the record is remitted with instructions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be so entered. .