## Karner v. Conway and Conway, Appellants.

Argued October 9, 1930.

Before TREXLER, P. J., KELLER, LINN,

GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Ulysses S. Koons,* for appellant.

*Edward Warner Willard,* for appellee.

OPINION BY CUNNINGHAM, J., January 30, 1931:

The action was assumpsit upon a contract in the form of a proposal by plaintiff, and an acceptance by defendants, both in writing, for the installation in an apartment house in Philadelphia of certain heating equipment. In a characteristically terse, but comprehensive, opinion by FERGUSON, P. J., the court below stated its reasons for making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense, and we now have this appeal by defendants.

Material facts, averred in the statement of claim and not denied in the affidavit of defense, were that on October 28, 1929, appellee called upon appellants at their office and opened negotiations with them for the sale and installation of the equipment. At their request he addressed to them a proposal in writing, dated October 29th, in which he offered to sell and install the boiler and attachments therein listed in detail for $2,258.75, net, and followed this propo-

sition with a letter, written November 1st, fixing the terms of payment as $1,000 "on date of installation;" three payments of $310 each, payable one, two and three months thereafter, and a final payment of $328.75 four months after completion. Under date of November 15th appellants wrote appellee acknowledging the receipt of his letters of October 29th and November 1st and saying: "As contained therein we accept your proposition to place new boiler with Thermotor Combustion System attached thereto on the premises No. 2030 Norris Street, Philadelphia, for the sum of $2,-258.75, as stipulated in your letter of October 29, 1929." This letter was signed "Conway and Conway" and confirmed the terms of payment as stated in appellee's letter of November 1st.

Installation was completed November 20, 1929, and demand made for the payment of $1,000 then due, and later for the payments of $310 each, payable December 20, 1929, and January 20, 1930. Upon refusal of appellants to make any of these payments, suit was brought for their aggregate amount, $1,620. The only defense suggested was that appellants, in making the contract, were not acting for themselves but as attorneys and agents for one Brady, alleged by them to be the real owner of the apartment house. Appellee averred in his statement that appellants were the "real and beneficial owners;" they replied in their affidavit that "neither of them, or trading as Conway and Conway, ever were or are now, the real and beneficial owners of said apartment house; that as attorneys at law they represented one Frank Brady, the real owner of said premises, and in his behalf attended to the renting and collection of the rentals from said apartment house." The only other material reference in the affidavit to the alleged principal is to the effect that at the first interview between the parties, and before any of the letters were written, one of the ap-

pellants informed appellee that they did not own the property and could not accept any bid without authority from "the owner" and then "called up the owner of said premises on the phone and then and there received from him by phone the authority to enter into said contract, which authority was at that time and place orally reported by said Peter P. Conway to plaintiff." There is no direct averment that the identity of the person for whom appellants claimed to have been acting was disclosed to appellee.

After reviewing the facts, the court below correctly disposed of these averments by saying: "The affidavit of defense is insufficient because it is an attempt to introduce a new party as a principal to a contract in writing. If it was the intention of defendants to place responsibility upon their client and to be relieved themselves, it was a simple matter to have the agency shown in the writing. As the writing appears the defendants are the principals. There is no averment of fraud, accident or mistake and it is beyond the power of defendants now to affect a contract in writing by eliminating themselves as parties and introducing another." Moreover, the writer of the opinion pointed out that the affidavit was also insufficient in that appellants failed to state distinctly that "they informed plaintiff as to the name of their principal, assuming they were agents."

This case is so squarely ruled by the opinion of this court in Horwath et al. v. Simon, 95 Pa. Superior Ct. 410, that no attempt is made in the brief for appellants to distinguish it. There, as here, the contract was in writing and its performance by the plaintiff admitted. The only defense interposed was that defendant, in accepting plaintiff's proposal, "was acting as agent for parties known to the plaintiff" and that the agreement was that the defendant should not be liable to pay but the alleged principal would be re-

sponsible. No such agreement is averred in the affidavit in the case at bar and to that extent the defense set up in the case cited was stronger. In holding the affidavit in the Horwath case insufficient, LINN, J., speaking for this court, said: "Certainly, on the face of the paper, defendant is liable; to avoid responsibility he must contradict the writing and show that the agreement was different from what is written; the only question is whether his averments bring him within the law permitting him to do it. Plaintiffs contend that the averment that defendant acted for a principal not named in the paper but at the time known to them, is not sufficient to relieve him from responsibility to pay for the services admittedly rendered pursuant to the proposal accepted by him. They do not question the rule that on a proper showing an undisclosed principal may be held; they insist that mere assertion in the affidavit that defendant acted for another amounts to nothing without adequate averment that the facts of agency and release from the responsibility resulting from his signature were omitted from the writing by fraud, accident or mistake." This contention was sustained. In the light of the decision from which we have just quoted it is difficult to see upon what theory the present appeal was taken.

The court below was clearly justified in entering the judgment upon which damages were assessed in the sum of $1,641.66 and the assignments of error are accordingly overruled.

Judgment affirmed.

Order entered at No. 286, October T., 1930.

And now, January 30, 1931,—counsel for appellants and appellee having stipulated that the same disposition shall be made of this appeal as we have made of the appeal between the same parties to No. 161, October T., 1930—for the reasons given in an opinion

this day filed to that number and term the order of the court below making absolute appellee's rule for judgment for want of a sufficient affidavit of defense, under which judgment damages were assessed in the sum of $638.75, with interest, being the aggregate of the payments due February 20 and March 20, 1930, under the contract in question, is affirmed.